IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA LOPER, | ) | Case No. 1:16CV1349 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CLEVELAND METROPOLITAN SCHOOL DISTRICT, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

**I.     Introduction**

Latasha Loper's minor son, C.D. is a student in the Cleveland Metropolitan School District.  After an incident for which the police were called to the school on October 22, 2015, C.D. was suspended.  Ms. Loper disagreed with the decision to suspend her son and requested an administrative review.  After the initial review, some of Ms. Loper's concerns were found valid and a remedy was prescribed by an administrative hearing officer.  Among other things, C.D. was to undergo a Functional Behavioral Analysis (FBA), which would determine whether he had any behavioral disabilities.  If any were found, then a Behavioral Intervention Plan (BIP) would be created.  But Ms. Loper didn't want that part of the remedy; she is convinced her son has no behavioral component among his limitations, but only intellectual ones.  By agreement with school officials, that portion of the remedy was abandoned.  What Ms. Loper really wanted was the removal of the suspensions from her son's school records.  After further administrative

review, a state review officer denied Ms. Loper's request to remove the suspensions. Ms. Loper brought this pro se case to challenge that decision.

Judge Christopher Boyko, to whom this case is assigned, referred the case to the undersigned for general pretrial management. The undersigned must review any case-dispositive motions and issue a report and recommendation to Judge Boyko on each. The undersigned appointed pro-bono counsel to represent Ms. Loper in this action.

Defendant Cleveland Metropolitan School District has moved to dismiss the case under Fed. R. Civ. P. 12(b)(6) because it was filed beyond the 90 deadline allowed by law after the administrative decision was issued. Plaintiff filed a response and supplemental response in opposition. The undersigned recommends that the motion to dismiss be GRANTED and the action be DISMISSED.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides, in part, that "a party may assert the following defenses by motion: * * * (6) failure to state a claim upon which relief can be granted." Although a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955, 167 Led. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable  inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).  The court may consider:  (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009).  The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTV, Inc. ,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo.  Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

**III.     Background Information and Facts Accepted as True**

Ms. Loper requested an expedited due process hearing on behalf of C.D. before the Ohio Department of Education ("ODE") on November 3, 2015. Ms. Loper's request (No. SE-3200-2015E) contested the October 30, 2015 Manifestation Determination Review ("MDR")[1] conducted by the Cleveland Schools in response to two incidents that resulted in disciplinary suspensions of C.D.

An expedited due process hearing before an impartial hearing officer, Irene H. McMullen, was held on December 2, 2015. Hearing Officer McMullen issued a final judgment holding that the MDR was not conducted properly and ordering defendant to provide C.D. with compensatory education totaling 300 minutes, a Functional Behavioral Assessment ("FBA") and, if appropriate, a Behavior Intervention Plan ("BIP"). The hearing officer also determined that C.D. was to be placed at Case Elementary School. The hearing officer did not find any error in the imposition of the underlying disciplinary suspensions and denied Ms. Loper's request to rescind them.

On January 14, 2016, Ms. Loper filed a notice of administrative appeal with the ODE. In correspondence with defendant on January 20th, she indicated that she did not want an FBA or BIP to be ordered for C.D.[2] On January 21, 2016, plaintiff amended her notice of appeal, requesting that the SLRO rule that the two suspensions giving rise to the October 30, 2015 MDR be removed from C.D.'s record.[3]

---

[1] MDRs are performed in order to allow school personnel to determine whether a student's disability caused the disciplinary issue under review. If it did, certain outcomes are dictated by law; if it did not, other outcomes are permitted. Regardless of the conclusion, a student may be suspended when his conduct warrants such discipline.
[2] ECF Doc. No. 17, p. 18.
[3] ECF Doc. No. 17, p. 13.

4

Thereafter, defendant reached an agreement with Ms. Loper regarding the FBA, BIP, and C.D.'s school placement. However, the parties did not agree on whether C.D.'s suspensions would be removed from his record. On February 11, 2016, SLRO Mues entered a decision finding in favor of defendant and denying plaintiff's request to order the suspensions removed from C.D.'s record.[4]

Ms. Loper instituted this action to appeal the SLRO's February 11, 2016 decision on June 3, 2016.[5] In this complaint (one of several), plaintiff refers to her due process request No. SE-3200-2015E[6] and the issues she raised in the state administrative proceedings relating to that request. This case was filed one hundred and thirteen (113) days after the SLRO's decision was issued.

## IV. Parties' Arguments

Defendant argues that plaintiff's complaint is time-barred under Ohio Rev. Code § 3323.05(H) and 20 U.S.C. § 1415(i)(2)(A), (B).[7] Defendant argues that the judges in this court have consistently ruled that court appeals of SLRO decisions under these statutes must be filed within ninety (90) days of the date of the SLRO's decision. *See Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.,* 2012 U.S. Dist. LEXIS 124818 (N.D. Ohio 2012); *See also, Grine v. Sylvania Sch. Dist. Bd. of Educ.,* 2007-Ohio-1526, 2007 Ohio App.3d 1407 (6th Dist.).

Ms. Loper admits that SLRO Mues issued a decision on February 11, 2016 and that she filed this case one hundred thirteen days later on June 3, 2016.[8] She cites general case law holding that, in some circumstances, courts should excuse the neglect of a party who fails to file

---

[4] ECF Doc. No. 17, pp. 20-34
[5] ECF Doc. No. 1, Page ID# 1.
[6] ECF Doc. No. 1, Page ID# 2.
[7] ECF Doc. No. 8, Page ID# 23
[8] ECF Doc. No. 15, Page ID# 40

5

a timely claim.[9] She also argues that the court should toll the statute of limitations in this case on equitable grounds and should consider flexible the time limits in the statutes, which would afford plaintiff the ability to maintain her appeal in this forum.[10]

### V. Law & Analysis

> Ohio Rev. Code § 3323.05(H) provides:
>
> Any party aggrieved by the final order of the state level officer may appeal the final order * * * to a district court of the United States within ninety days after the date of the decision of the state level review officer, as provided in section 615(i)(2) of the "Individuals with Disabilities Education Improvement Act of 2004," 20 U.S.C. § 1415(i)(2).
>
> 20 U.S.C. § 1415(i)(2)(A), (B) provides:
>
> (A) In general
> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court competent of jurisdiction or in a district court of the United States, without regard to the amount in controversy.
>
> (B) Limitation
> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

The undersigned is not opposed to affording flexibility in certain circumstances to litigants, particularly *pro se* litigants, who have missed legislative deadlines. However, this case involves a claim that has already been heard by two different administrative hearing officers and the very statute providing access to this court dictates that the claim must be filed within ninety-days.

---

[9] ECF Doc. No. 15, Page ID# 41
[10] ECF Doc. No. 15, Page ID# 42

6

Moreover, prior case law from this court provides that the procedural deadline involved in the applicable statute is not flexible. In *Horen,* 2012 U.S. Dist. 124818 LEXIS at *6, Judge Carr held:

> There is no indication in either the authorizing statute or in any case law that the procedural deadline here is flexible depending on whether it caused prejudice to the opposing party. It is a firm deadline that plaintiff missed, and I cannot now grant him a reprieve from its constraints because the appeal was merely a day late.

*Id.* citing *Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss By & Through Boss*, 144 F.3d 391, 397 (6th Cir. 1998).

Plaintiff did not file this appeal within the 90 day time limit established by 20 U.S.C. § 1415 or Ohio Rev. Code § 3323.05. Case law provides that the deadlines imposed by these statutes are not flexible. For these reasons, the undersigned recommends that defendant's motion to dismiss be GRANTED.

Dated: February 6, 2017

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---